# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:11-cv-153-RJC

| | |
|---|---|
| JOHN D. MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STEPHEN IYEVBELE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983. (Doc. No. 1 ).

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof. 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that several claims and defendants must be dismissed for their failure to state a cognizable claim.

## I.  BACKGROUND

Plaintiff contends that on August 12, 2010, while housed as a pretrial detainee at Mecklenburg County Jail North, Defendant Detective Iyerbele served him with with a warrant to collect a DNA sample. Plaintiff reviewed the warrant, noticed that another person's name was printed on the last page of the warrant, and told the detective that he would like to speak with his attorney and left the room. (Doc. No. 1 at 7-8). Just a few moments later, Plaintiff was told to come back to speak with Sergeant Riley. (Id. at 8). Plaintiff claims that Defendant Riley was hostile and threatening toward him and directed that he place his hands on the wall. Plaintiff complied, and Defendant Riley told him to put his hands behind his back. Plaintiff lowered his right hand from the wall and heard the sound of a handcuff. Plaintiff felt the metal of the handcuff touch his arm and "[went] panicky" and straightened his arm out asking Defendant "what's wrong, what are you doing." (Id. at 9). As Plaintiff straightened his arm back out, Defendant placed a handcuff on Plaintiff's wrist. Plaintiff contends that the handcuff was too tight cutting off his blood circulation. (Id. at 10). Defendant Riley then used "all of his force to try and bend [Plaintiff's] arm up behind [his] back." Plaintiff contends that "Sgt. Riley [was] carrying on like a 'mad man' jumping up and down with my arm trying to break it." (Id.). Plaintiff was directed to lie on the floor face down and Sergeant Riley directed Defendants Davis and Gregory to call for assistance. While on the ground, Sergeant Riley was "constantly assaulting [him]." (Id.). When the assistance arrived, Plaintiff contends that they burst through the door and "an all out assault attack" was carried out on him. (Id. at 11). Plaintiff was then dragged across the floor and thrown into a holding cell. Plaintiff was taken from the cell to Detective Iyevbele's police cruiser and taken to police headquarters where he was forced to provide a DNA sample. (Id. at 11-12). Plaintiff was returned to the jail and filed a grievance with Defendant Collins about the warrant incident and the excessive force. Plaintiff was

written up and placed in segregation. (Id. at 13). The next day, Defendant Iyevbele came to see the Plaintiff and explained that there was a mistake on the warrant from the previous day. He handed Plaintiff a new warrant and explained that he needed to take a new sample of his DNA. Plaintiff reviewed the new warrant, noted that his name appeared on all the pages of the warrant and complied with providing his DNA sample. (Doc. No. 1-1 at 12).

Plaintiff contends that Defendant Iyevbele violated his constitutional rights by taking him from the jail for a DNA sample without a proper warrant for his search and seizure and without allowing him to contact his attorney. Plaintiff also contends that Defendant Riley violated his constitutional rights by interfering with his right to counsel and also by the use of excessive force against him, which caused him physical injuries. Plaintiff contends that Defendants Davis and Gregory violated his right to legal counsel and violated his due process rights. Finally, Plaintiff contends that Defendants Collins and Bailey violated his rights through a "chain of negligence from one part of the departmental divisions to the next." (Doc. No. 1 at 5-6). By way of relief, Plaintiff requests compensatory and punitive damages, as well as damages for emotional distress. (Id. at 5).

## II. DISCUSSION

### A. Defendant Iyevbele

Plaintiff argues that Detective Iyevbele violated his due process rights by subjecting him to an invalid warrant and that he did so without allowing Plaintiff his legal counsel.

"In order to be valid under the Fourth Amendment, a search warrant must . . . 'particularly describ[e] the place to be searched, and the persons or things to be seized.'" United States v. Robinson, 275 F.3d 371, 381-82 (4th Cir. 2001) (citing U.S. Const. amend. IV). The law allows "some latitude for honest mistakes" made by officers in obtaining a search warrant. Maryland v. Garrison, 480 U.S. 79 (1987); accord United States v. Owens, 848 F.2d 462, 463-64 (4th Cir. 1998).
3

In a case similar to the instant case, the Third Circuit concluded that a search warrant containing a typographical error that had a different name substituted in place of the defendant's name in one instance may still be found sufficiently particularized to satisfy the Fourth Amendment, in light of the many references to the defendant, and the general rule that phrases in a search warrant must be read in context and not in isolation. United States v. Sirmans, 278 F. App'x 171 (3d Cir. 2008) (unpublished).

In the instant case, the first warrant for Plaintiff's DNA was entitled "In the matter of John Donald Matthews" and contained Plaintiff's name a total of seven times throughout the warrant. (Doc. No. 1 at 18-19). However, in one location, the warrant mistakenly stated the name of another person. Plaintiff saw this mistake in the warrant, but he does not allege that he brought it to anyone's attention. Instead, he simply said he wanted to speak with his attorney first. In a report attached to Plaintiff's Complaint, Defendant Iyevbele stated that after obtaining the warrant, he discovered that he had inserted the wrong name on page four. The report states that his "error was of name, and NOT of a person." (Doc. No. 1 at 16-17) (emphasis in original).

Plaintiff has not stated a claim for a Fourth Amendment constitutional violation in connection with the typographical error on the warrant. His name appeared correctly in seven other places throughout the warrant. Further, Plaintiff was not entitled to legal counsel prior to having a warrant served upon him in connection with an investigation for which he had not been charged with a crime.[1] McNeil v. Wisconsin, 501 U.S. 171, 175 (1991) (Sixth Amendment right is offense specific and it cannot be invoked once for all future prosecutions); United States v. Kennedy, 372 F.3d 686, 692 (4th Cir. 2004) (Sixth Amendment right to counsel is offense specific and does not

---

[1] To the extent that Plaintiff argues that any other defendants violated his right to counsel, such claim is dismissed against all of the defendants.

attach until a prosecution is commenced). As a result, Plaintiff has not stated a cognizable claim as to Detective Iyevbele, and the claims against Iyevbele will be dismissed.

### B. Defendants Bailey and Collins

Plaintiff contends that Defendants Bailey and Collins violated his rights "from a chain of negligence from one part of the departmental divisions to the next." (Doc. No. 1 at 5-6). Plaintiff does not allege any personal conduct by these defendants. Further, mere negligence does not amount to a deprivation of either substantive or procedural due process. Daniels v. Williams, 474 U.S. 327, 332, 340-41 (1986) ("Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law."). The claims against Defendants Bailey and Collins will be dismissed, as Plaintiff has failed to state a cognizable claim for relief against them.

### C. Defendants Davis and Gregory

With respect to Defendants Davis and Gregory, Plaintiff contends only that they both called for escorts at the direction of Defendant Riley. (Doc. No. 1 at 10). Plaintiff alleges no facts regarding Defendants Davis and Gregory from which this Court can discern a constitutional violation. The claims against Defendants Davis and Gregory will also be dismissed.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

(1) The claims against Defendants Iyevbele, Bailey, Collins, Davis, and Gregory are **DISMISSED** pursuant to 28 U.S.C. § 1915A, and these defendants are dismissed from the action;

(2) The Clerk shall issue summons for Defendant Riley and deliver it forthwith to the U.S. Marshal, who will make service of process without additional cost; and

(3) Defendant Riley shall file an Answer to the excessive force claim in Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED.**

Signed: April 19, 2011

Robert J. Conrad, Jr.
Chief United States District Judge