UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11CV153

| | |
|---|---|
| JOHN D. MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STEPHEN IYEVBELE, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 12) and Motion to Amend (Doc. No. 13).

On April 5, 2011, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against Detective Iyevbele, Sheriff Bailey, Officer Collins, Officer Riley, Officer Davis, and Officer Gregory. (Doc. No. 1). Plaintiff alleged that Defendant Iyevbele violated his constitutional rights by taking him from the jail for a DNA sample without a proper warrant for his search and seizure and without allowing him to contact his attorney. Plaintiff also alleged that Defendant Riley violated his constitutional rights by interfering with his right to counsel and also by the use of excessive force against him which caused him physical injuries. Plaintiff alleged that Defendants Davis and Gregory violated his right to legal counsel and violated his due process rights. Finally, Plaintiff alleged that Defendants Collins and Bailey violated his rights due to a "chain of negligence from one part of the departmental divisions to the next." (Doc. No. 1 at 5-6).

By Order dated April 19, 2011, this Court dismissed all the defendants and claims except for the excessive force claim against Defendant Riley. (Doc. No. 8). Plaintiff now moves for

1

reconsideration of this Court's Order dismissing his Sixth Amendment right to counsel claim against Defendants Iyevbele, Davis and Gregory because the Court incorrectly stated that Plaintiff had not formally been charged with a crime in connection with the investigation related to the collection of his DNA, (Doc. No. 8 at 4). Plaintiff also seeks to amend his Complaint.

A motion to reconsider is inappropriate where it merely seeks "to re-debate the merits of a particular motion." In re Vioxx Products Liability Litigation, 230 F.R.D. 473, 475 (E.D. La. 2005). Rather, the purpose of a motion for reconsideration is to correct "manifest errors of law or fact . . . ." DIRECTTV, Inc. V. Hart, 366 F.Supp.2d 315, 317 (E.D.N.C. 2004) (quoting Harsco Corp. V. Zlotnicki, 779 F.2d 907, 909 (3rd Cir. 1985). "A motion to reconsider is appropriate where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." Id.

Plaintiff now makes clear that he had been charged a year prior to the warrant for the collection of the DNA and was awaiting trial on that charge when Defendant Iyevbele came to the jail to collect DNA for the very same charge. While the Court initially misunderstood this fact, it does not alter the outcome because the taking of Plaintiff's DNA, which is non-testimonial evidence, is not a critical stage of the prosecution and therefore does not implicate the right to counsel. United States v. Dougall, 919 F.2d 932 (5th Cir. 1990) (hair samples, photographs, semen samples, writing samples and palm prints not a critical stage of prosecution); Wheeler v. Myers, 2011 WL 690619 (S.D. Ind., Feb.15, 2011) (collection of DNA not a critical stage of prosecution). Therefore, Petitioner's Motion for Reconsideration is DENIED and his request that his claim for the denial of counsel against Defendants Iyevbele, Riley, Davis and Gregory be reinstated is DENIED.

Plaintiff also seeks to amend his Complaint. Federal Rule of Civil Procedure 15 governs amendments in a general civil action. However, in this case filed by a prisoner, 28 U.S.C. § 1915A directs the Court to conduct an initial review of a civil action by a prisoner against a governmental entity or employee before docketing, or soon as practicable after docketing, to identify cognizable claims or dismiss the complaint or parts of the complaint. Plunk v. Givens, 234 F.3d 1128 (10th Cir. 2000) (the screening process of 1915A is to be applied sua sponte, as early as possible, and does not require that process be served or that the plaintiff be provided with an opportunity to respond). As such, the Court has already considered Plaintiff's claims against the dismissed defendants and concluded that Plaintiff has failed to state a claim for relief against those defendants. For this reason, Plaintiff's Motion to Amend is Denied. In an abundance of caution, the Court will briefly address the claims contained in Plaintiff's Motion to Amend.

Plaintiff asks that his Complaint be amended to include an excessive force claim against Detective Iyevbele. However, Plaintiff has included no facts which implicate an excessive force claim against Detective Iyevbele and therefore Plaintiff's motion is DENIED.

Plaintiff also seeks to amend his Complaint against Defendants Davis and Gregory because they aided in the use of excessive force against him. As stated in this Court's prior Order, in his Complaint, Plaintiff stated only that these Defendants both called for escorts at the direction of Defendant Riley. (Doc. No. 1 at 10). Plaintiff does not allege any new facts relating to Defendants Davis and Gregory from which this Court can find a constitutional violation, therefore his Motion to Amend is DENIED.

Plaintiff also seeks to amend his Complaint against Defendants Collins and Bailey based on a theory of negligence. (Doc. No. 13 at 12). In his Complaint, Plaintiff argued that

Defendants Bailey and Collins violated his rights "from a chain of negligence from one part of the departmental divisions to the next." (Doc. No. 1 at 5-6). The undersigned dismissed Defendants Collins and Bailey because Plaintiff did not allege any personal conduct by these defendants and negligence does not state a deprivation of either substantive or procedural due process. Daniels v. Williams, 474 U.S. 327, 340-41 (1986). Plaintiff does not include any new facts from which the Court can find a constitutional violation.

## **ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

(1)     Plaintiff's Motion for Reconsideration (Doc. No. 12) is DENIED; and

(2)     Plaintiff's Motion for Leave to File an Amended Complaint is DENIED.

Signed: May 12, 2011

Robert J. Conrad, Jr.
Chief United States District Judge