UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11CV153

| | |
|---|---|
| JOHN D. MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STEPHEN IYEVBELE, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for An Order Compelling Discovery and Leave to File an Amended Complaint. (Doc. Nos. 35 and 39)

On April 5, 2011, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against Detective Iyevbele, Sheriff Bailey, Officer Collins, Officer Riley, Officer Davis, and Officer Gregory. (Doc. No. 1 ). Plaintiff alleged that Defendant Iyevbele violated his constitutional rights by taking him from the jail for a DNA sample without a proper warrant for his search and seizure and without allowing him to contact his attorney. Plaintiff also alleged that Defendant Riley violated his constitutional rights by interfering with his right to counsel and also by the use of excessive force against him which caused him physical injuries. Plaintiff alleged that Defendants Davis and Gregory violated his right to legal counsel and violated his due process rights. Finally, Plaintiff alleged that Defendants Collins and Bailey violated his rights due to a "chain of negligence from one part of the departmental divisions to the next." (Doc. No. 1 at 5-6).

By Order dated April 19, 2011, this Court dismissed all the Defendants and claims except for the excessive force claim against Defendant Riley. (Doc. No. 8). On April 27, 2011 Plaintiff

1

filed a motion for reconsideration of this Court's Order dismissing his Sixth Amendment right to counsel claim against Defendants Iyevbele, Davis and Gregory because the Court incorrectly stated that Plaintiff had not formally been charged with a crime in connection with the investigation related to the collection of his DNA. (Doc. No. 12). Plaintiff also filed a motion to Amend his Complaint to include an excessive force claim against Detective Iyevbele and Defendants Davis and Gregory and to amend his Complaint against Defendants Collins and Bailey on a theory of negligence. (Doc. No. 13). By Order dated May 12, 2011, this Court denied Plaintiff's motions. (Doc. No. 15). On July 19, 2011, Plaintiff filed another motion to amend his complaint in which sought to amend his complaint against previously dismissed Defendants and to add new Defendants. (Doc. No. 24). By Order dated August 9, 2011, the undersigned granted in part and denied in part Plaintiff's motion to amend. The Court granted the motion to the extent that Plaintiff amended his claims as to Defendants Davis and Gregory and also allowed Plaintiff to add Defendants Jackson, Kinne, Beasley and Anderson and denied the motion as to all other parties and claims. (Doc. No. 26). All of the Defendants have now filed an answer. (Doc. Nos. 16 and 36).

**Motion to Amend**

In his third motion to amend, Plaintiff now seeks to amend his Complaint to add claims against Sheriff Supervisors, including Captain Matys and Major Collins (previously dismissed) and also to add the "City of Mecklenburg" as a new defendant.

Federal Rule of Civil Procedure 15 governs amendments in a general civil action. Under Rule 15(a)(2), after the time for amending a complaint as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend shall be freely given when justice so requires, id., and

should be denied only when the amendment is offered in bad faith, is prejudicial or would be futile. Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Forman v. Davis, 371 U.S. 178 (1962)).

Plaintiff does not add any new facts with respect to Captain Matys or Major Collins. There are no allegations that either supervisor was present when the Plaintiff was handcuffed on August 12, 2010, the incident which he alleges was the result of excessive force. Further, there are also no facts which implicate an excessive force claim against either supervisor. Nor are there any new facts that state a constitutional violation as to Captain Matys or Major Collins. Therefore, Plaintiff's motion to amend is denied as to Major Collins and Captain Matys.

Plaintiff also seeks to add the "City of Mecklenburg" as a Defendant. It is not clear whether Plaintiff is attempting to assert allegations against the City of Charlotte or Mecklenburg County. However, it appears that Plaintiff is continuing to challenge the initial search warrant and his resistance to that search warrant. Both of these claims have been previously dismissed by the Court. Plaintiff's repeated attempts to add claims regarding the validity of the search warrant are futile. Plaintiff's motion to add the "City of Mecklenburg" is denied inasmuch as the amended complaint does not set forth any claims against the City of Charlotte or Mecklenburg County.

**Motion to Compel**

Next, Plaintiff has filed a Motion to Compel Defendant Riley to answer interrogatories 1,2,3, and 4 and to produce certain legal books in response to his Request for Production of Book as well as documents in response to requests 2,3,4,5,6,7,10 and 11.

Defendant Riley objected to Interrogatories 1,2 and 3 as well as document requests 2,3,4,5,and 6 on the grounds that the subject matter concerned claims that have been dismissed

3

by the Court. The Court has reviewed the interrogatories and document requests and concludes that they relate to the circumstances concerning the search warrant, the alleged error in the search warrant and the Plaintiff's right to confer with his attorney regarding the search warrant. These claims have been dismissed by the Court. Indeed, the only remaining claim in this case is whether the Defendants used excessive force when the Plaintiff was handcuffed by the Defendants on August 12, 2010. Accordingly, Plaintiff's motion to compel responses to interrogatories 1,2,and 3 and to compel documents in response to requests 2,3,4,5 and 6 is denied.

Defendant Riley objected to interrogatory 4 on the basis that it is ambiguous, vague and confusing. (Doc. No. 35-1 at 3). The Court agrees that such interrogatory is "ambiguous, vague and confusing." Therefore, Plaintiff's motion to compel a response to interrogatory 4 is denied.

Defendant Riley objects to document request 7 as it concerns "computation of damages and material supporting the computation – relevant insurance agreements." (Doc. No. 35-1 at 3). Defendants contend that they do not have a counterclaim against the Plaintiff and therefore have not computed any damages. Plaintiff's document request 7 is denied.

Defendant Riley objected to document request 10 on the basis that the documents requested were confidential reports from Charlotte-Mecklenburg Police Department which regarded the criminal charges that were then pending against the Plaintiff. However, Defendant Riley does not object to providing copies of the reports to the Court for an in-camera review. Defendant shall provide such documents to the Court, under seal, within ten (10) days of the date of this Order. Defendants are further instructed to provide a short brief explaining the objection to providing the documents to Plaintiff and under what circumstances such documents could be provided to the Plaintiff.

Defendant Riley objected to document request 11 – training manuals for detention officers – because training documents relevant to the use of force, General Order No. 3 and CP 8.12 concerning Use of Force, have already been provided to the Plaintiff. Defendant Riley contends that to provide all detention officer personnel training manuals as requested by the Plaintiff would involve providing volumes of documents that are not relevant to Plaintiff's excessive force claim and would include documents that involve facility safety and security of the jail. Defendant contends that the information is confidential and privileged and should not be made available to the Plaintiff. The Court finds that the documents Defendant Riley has produced in response to this request are responsive. However, to the extent that a training manual for detention officers exists and such manual includes a section regarding use of force that has not already been produced within General Order #3 and CP 8.12, Defendant Riley is directed to copy said section of the training manual and produce the same to the Plaintiff within ten (10) days of the date of this Order.

Plaintiff also requested that Defendant Riley provide him with books including the General Statutes of North Carolina, the North Carolina State Constitution and the Federal Rules of Civil Procedure. These requests are beyond the scope of discovery and the motion will be denied with respect to Plaintiff's motion to compel the above referenced books.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 39) is DENIED. All of the Defendants have now filed an answer. Plaintiff may not file any further motions to amend in this case without the express permission of this Court. Failure to comply with this directive will result in summary denial of any improvidently filed motion to amend;

(2) Plaintiff's Motion for an Order Compelling Discovery (Doc. No. 35) is GRANTED in part and DENIED in part;

(3) Plaintiff's motion is GRANTED to the extent that Defendants are directed to submit the documents in response to request 10 to the Court for an in-camera inspection. Defendants are directed to provide such documents to the Court, under seal, ten (10) days from the date of this Order. Defendants are further instructed to provide a short brief explaining the objection to providing the documents to Plaintiff and under what circumstances such documents could be provided to the Plaintiff;

(4) The Court finds that the documents Defendant Riley has produced in response to request 11 are responsive. However, to the extent that a training manual for detention officers exists and such manual includes a section regarding use of force that has not already been produced within General Order #3 and CP 8.12, Defendant Riley is directed to copy said section of the training manual and produce the same to the Plaintiff within ten (10) days of the date of this Order.

(5) Dispositive motions, if any, shall be filed on or before ninety (90) days from the date of this Order.

**SO ORDERED**.

Signed: September 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge